**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY ALLEN FRANKLIN, | No. 10-56657 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00438-WVG-RBB |
| v. | |
| L. E. SCRIBNER, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William V. Gallo, Magistrate Judge, Presiding[**]

Submitted March 6, 2012[***]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Gregory Allen Franklin, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants violated his Eighth Amendment rights in connection with the denial of outdoor exercise and special shoes for his foot condition when he was required to leave his cell during a cell search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Franklin's outdoor exercise claim because Franklin failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference when they temporarily restricted access to outdoor exercise during an emergency lockdown. *See Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980) (temporary deprivation of outdoor exercise in response to a genuine emergency did not violate Eighth Amendment); *see also Noble v. Adams*, 646 F.3d 1138, 1142-43 (9th Cir. 2011) (explaining that it is not clearly established "precisely how, according to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercise, during and after a state of emergency called in response to a major riot, here one in which inmates attempted to murder staff"); *Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (prison officials entitled to qualified immunity on denial of outdoor exercise claim because a reasonable

10-56657

officer could have believed that restricting outdoor exercise during prison security lockdown was constitutional).

The district court properly granted summary judgment on Franklin's special shoe claim because Franklin failed to raise a genuine dispute of material fact as to whether defendant Bass acted with deliberate indifference when he sought clarification on the soft sole shoe ban and was specifically ordered to enforce the ban despite Franklin's medical authorization to wear soft sole shoes. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844-45 (1994) (explaining the subjective prong of deliberate indifference and noting that even if a prison official knew of a substantial risk, he is not liable if he responded reasonably to the risk).

Franklin's remaining contentions are unpersuasive.

**AFFIRMED.**